















NMC    1/25/05    10:13

3:05-CV-00113   JONES V. GASLAMP VILLAGE LLC

*1*

*CMP.*

**ORIGINAL**

1  LYNN HUBBARD, III, SBN 69773
2  SCOTTLYNN J HUBBARD, IV, SBN 212970
   **LAW OFFICES OF LYNN HUBBARD**
3  12 WILLIAMSBURG LANE
   CHICO, CA. 95926
4  (530) 895-3252
5
   Attorney for Plaintiff
6
7
8
9              UNITED STATES DISTRICT COURT
10           SOUTHERN DISTRICT OF CALIFORNIA
11
12
13  GYPSIE JONES                    )  No. **'05 CV 0113 L**    (POR)
                                    )
14       Plaintiff,                 )
                                    )  **Plaintiff's Complaint**
15       vs.                        )
                                    )
16  GASLAMP VILLAGE, LLC dba        )
17  COMFORT INN GASLAMP.            )
                                    )
18       Defendants,               )
                                    )
19                                  )
20
21
22
23
24
25
26
27
28
   Jones v. Gaslamp Village, LLC, et al
   **Plaintiff's Complaint**

                    Page 1

**FILED**

05 JAN 21  AM II: 18

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

## I. SUMMARY

1.    This is a civil rights action by plaintiff Gypsie Jones ("Jones") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

COMFORT INN GASLAMP
660 G Street
San Diego, CA 92101
("The Hotel")

2.    Jones seeks exemplary damages, injunctive and declaratory relief, attorney fees and costs, against GASLAMP VILLAGE, LLC dba COMFORT INN GASLAMP (collectively "Comfort Inn") pursuant to the Americans with Disabilities Act of 1990,( 42 U.S.C. §§ 12101 et seq.), and related California statutes.

## II. JURISDICTION

3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.    Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5.    Jones's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

6.    All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV. PARTIES

7.    Comfort Inn owns, operates, or leases the Hotel, and consists of a person (or persons), firm, or corporation.

Jones v. Gaslamp Village, LLC, et al
Plaintiff's Complaint

Page 2

8.      Jones is a paraplegic as a result of an automobile accident. Jones requires the use of a wheelchair and a mobility-equipped vehicle when traveling about in public.  Consequently, Jones is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9.      The Hotel is a place of lodging within a building (with more than five rooms for rent), open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.      Jones visited the Hotel and encountered barriers (both physical and intangible) that interfered with—if not outright denied—her ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility.  To the extent known by Jones, attached as Exhibit A to this complaint is a true and accurate list (with photos) of barriers that denied her access at the Hotel.

11.      Notwithstanding that visit, Jones was also deterred from visiting the hotel on approximately three occasions, because she knew that the Hotel's goods, services, facilities, privileges, advantages, and accommodations at the Hotel were unavailable to physically disabled patrons (such as herself).  She still refuses to visit the Hotel because of the future threats of injury created by these barriers.

12.      Jones also encountered barriers at the Hotel, which violate state and federal law, but were unrelated to her disability; these unrelated barriers were included within Exhibit A, as a courtesy to Comfort Inn, so the defendants can avoid inadvertent acts of discrimination against the disabled. Nothing within this complaint, however, should be construed as an

Jones v. Gaslamp Village, LLC, et al
Plaintiff's Complaint

Page 3

1  allegation that Jones is seeking to remove barriers unrelated to her

2  disability.

3    13.    Comfort Inn knew that these elements and areas of the Hotel

4  were inaccessible, violate state and federal law, and interfere with (or deny)

5  access to the physically disabled.  Moreover, defendants have the financial

6  resources to remove these barriers from the Hotel (without much difficulty

7  or expense), and make the facility accessible to the physically disabled.  To

8  date, however, they refuse to either remove those barriers or seek an

9  unreasonable hardship exemption to excuse their non-compliance.

## VI. FIRST CLAIM

### Americans with Disabilities Act of 1990

### Denial of "Full and Equal" Enjoyment and Use

13    14.    Jones incorporates the allegations contained in paragraphs 1

14  through 13 for this claim.

15    15.    Title III of the ADA holds as a 'general rule' that no individual

16  shall be discriminated against on the basis of disability in the full and equal

17  enjoyment (or use) of goods, services, facilities, privileges, and

18  accommodations offered by any person who owns, operates, or leases a

19  place of public accommodation. 42 U.S.C. § 12182(a).

20    16.    Comfort Inn discriminated against Jones by denying "full and

21  equal enjoyment" and use of the goods, services, facilities, privileges or

22  accommodations of the Hotel during each visit and each incident of

23  deterrence.

### Failure to Remove Architectural Barriers in an Existing Facility

25    17.    The ADA specifically prohibits failing to remove architectural

26  barriers, which are structural in nature, in existing facilities where such

27  removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).  The term

28

Jones v. Gaslamp Village, LLC, et al
Plaintiff's Complaint

1  "readily achievable" is defined as "easily accomplishable and able to be

2  carried out without much difficulty or expense." Id. § 12181(9).

3      18.    When an entity can demonstrate that removal of a barrier is not

4  readily achievable, a failure to make goods, services, facilities, or

5  accommodations available through alternative methods is also specifically

6  prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

7      19.    Here, Jones alleges that Comfort Inn can easily remove the

8  architectural barriers at the Hotel without much difficulty or expense, and

9  that Comfort Inn violated the ADA by failing to remove those barriers,

10  when it was readily achievable to do so.

11      20.    In the alternative, if it was not "readily achievable" for Comfort

12  Inn to remove the Hotel's barriers, then Comfort Inn violated the ADA by

13  failing to make the required services available through alternative methods,

14  which are readily achievable.

15  <u>Failure to Design and Construct an Accessible Facility</u>

16      21.    On information and belief, the Hotel was designed or

17  constructed (or both) after January 26, 1992—independently triggering

18  access requirements under Title III of the ADA.

19      22.    The ADA also prohibits designing and constructing facilities

20  for first occupancy after January 26, 1993, that aren't readily accessible to,

21  and usable by, individuals with disabilities when it was structurally

22  practicable to do so. 42 U.S.C. § 12183(a)(1).

23      23.    Here, Comfort Inn violated the ADA by designing or

24  constructing (or both) the Hotel in a manner that was not readily accessible

25

26

27

28  <u>Jones v. Gaslamp Village, LLC, et al</u>
    **Plaintiff's Complaint**

1 | to the physically disabled public—including Jones—when it was
2 | structurally practical to do so.[1]
3 |
4 | <center>Failure to Make an Altered Facility Accessible</center>
5 |     24.    On information and belief, the Hotel was modified after
6 | January 26, 1992, independently triggering access requirements under the
7 | ADA.
8 |     25.    The ADA also requires that facilities altered in a manner that
9 | affects (or could affect) its usability must be made readily accessible to
10 | individuals with disabilities to the maximum extent feasible. 42 U.S.C. §
11 | 12183(a)(2). Altering an area that contains a facility's primary function also
12 | requires adding making the paths of travel, bathrooms, telephones, and
13 | drinking fountains serving that area accessible to the maximum extent
14 | feasible. Id.
15 |     26.    Here, Comfort Inn altered the Hotel in a manner that violated
16 | the ADA and was not readily accessible to the physically disabled public—
17 | including Jones—to the maximum extent feasible.
18 | <center>Failure to Modify Existing Policies and Procedures</center>
19 |     27.    The ADA also requires reasonable modifications in policies,
20 | practices, or procedures, when necessary to afford such goods, services,
21 | facilities, or accommodations to individuals with disabilities, unless the
22 | entity can demonstrate that making such modifications would fundamentally
23 | alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).
24 |     28.    Here, Comfort Inn violated the ADA by failing to make
25 | reasonable modifications in policies, practices, or procedures at the Hotel,
26 |
27 |
28 |

---

[1] Nothing within complaint should be construed as a allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

Jones v. Gaslamp Village, LLC, et al
Plaintiff's Complaint

<center>Page 6</center>

1   when these modifications were necessary to afford (and would not

2   fundamentally alter the nature of) these goods, services, facilities, or

3   accommodations.

4      29.   Jones seeks all relief available under the ADA (*i.e.*, injunctive

5   relief, attorney fees, costs, legal expense) for these aforementioned

6   violations. 42 U.S.C. § 12205.

7      30.   Jones also seeks a finding from this Court (*i.e.,* declaratory

8   relief) that Comfort Inn violated the ADA in order to pursue damages under

9   California's Unruh Civil Rights Act or Disabled Persons Act.

## VII. SECOND CLAIM

### Disabled Persons Act

12      31.   Jones incorporates the allegations contained in paragraphs 1

13   through 30 for this claim.

14      32.   California Civil Code § 54 states, in part, that: Individuals with

15   disabilities have the same right as the general public to the full and free use

16   of the streets, sidewalks, walkways, public buildings and facilities, and

17   other public places.

18      33.   California Civil Code § 54.1 also states, in part, that:

19   Individuals with disabilities shall be entitled to full and equal access to

20   accommodations, facilities, telephone facilities, places of public

21   accommodation, and other places to which the general public is invited.

22      34.   Both sections specifically incorporate (by reference) an

23   individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

24      35.   Here, Comfort Inn discriminated against the physically

25   disabled public—including Jones—by denying them full and equal access to

26   the Hotel.  Comfort Inn also violated Jones's rights under the ADA, and,

27

28

Jones v. Gaslamp Village, LLC, et al
Plaintiff's Complaint

Page 7

1   therefore, infringed upon or violated (or both) Jones's rights under the

2   Disabled Persons Act.

3       36.   <u>For each offense</u> of the Disabled Persons Act, Jones seeks

4   actual damages (both general and special damages), statutory minimum

5   damages of one thousand dollars ($1,000), declaratory relief, and any other

6   remedy available under California Civil Code § 54.3.

7       37.   She also seeks to enjoin Comfort Inn from violating the

8   Disabled Persons Act (and ADA) under California Civil Code § 55, and to

9   recover reasonable attorneys' fees and incurred under California Civil Code

10   §§ 54.3 and 55.

### VIII. THIRD CLAIM

### Unruh Civil Rights Act

13      38.   Jones incorporates the allegations contained in paragraphs 1

14   through 30 for this claim.

15      39.   California Civil Code § 51 states, in part, that: All persons

16   within the jurisdiction of this state are entitled to the full and equal

17   accommodations, advantages, facilities, privileges, or services in all

18   business establishments of every kind whatsoever.

19      40.   California Civil Code § 51.5 also states, in part, that: No

20   business establishment of any kind whatsoever shall discriminate against

21   any person in this state because of the disability of the person.

22      41.   California Civil Code § 51(f) specifically incorporates (by

23   reference) an individual's rights under the ADA into the Unruh Act.

24      42.   Comfort Inn's aforementioned acts and omissions denied the

25   physically disabled public—including Jones—full and equal

26   accommodations, advantages, facilities, privileges and services in a business

27   establishment (because of their physical disability).

28   <u>Jones v. Gaslamp Village, LLC, et al</u>
     **Plaintiff's Complaint**

43.     These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Jones by violating the Unruh Act.

44.     Jones was damaged by Comfort Inn's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

45.     Jones also seeks to enjoin Comfort Inn from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

<div align="center">IX. FOURTH CLAIM</div>

**<div align="center">Denial of Full and Equal Access to Public Facilities</div>**

46.     Jones incorporates the allegations contained in paragraphs 1 through 13 for this claim.

47.     Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

48.     Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

49.     Jones alleges the Hotel is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Hotel was not exempt under Health and Safety Code § 19956.

50.     Comfort Inn's non-compliance with these requirements at the Hotel aggrieved (or potentially aggrieved) Jones and other persons with

physical disabilities.  Accordingly, She seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. PRAYER FOR RELIEF

WHEREFORE, Jones prays judgment against the Comfort Inn for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Declaratory relief that Comfort Inn violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to the proof.

4. Attorneys' fees, litigation expenses, and costs of suit.[1]

5. Interest at the legal rate from the date of the filing of this action.

6. Punitive damages pursuant to Civil Code § 3294.


DATED: January 18, 2005          LAW OFFICES OF LYNN HUBBARD

LYNN HUBBARD, III
Attorney for Jones

---

[1] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

Jones v. Gaslamp Village, LLC, et al
Plaintiff's Complaint

# PRELIMINARY  SITE ACCESSIBILITY REPORT

## *Comfort Inn*
## *660 G  Street*
## *San Diego, California*



COMFORT INN
660 G Street
San Diego, Ca


DSA pg 2&3                                    1. Tow away sign posted at wrong height.

DOT #R100B                                    2. Tow away sign wrong color.

11129 B.5                                     3. Tow away sign uses incorrect verbiage.

                 ADAAG 111                    4. Signage uses the term handicapped.

## *SEE PHOTO No. 1*

1129B.5          4.6.4                         5. Incorrect parking signage.  No separate van
                                                 accessible sign.

## *SEE PHOTO No. 2*

1129 B.4.1       4.6.3                         6. Incorrect parking space/access aisle dimensions.

1129 B.5.1&2     4.6.4                         7. Accessible parking space and access aisle not
                                                 outlined white.

CVC 21 458(a)(3)(A)                           8. Access aisle not striped in white.

1129B.4.1
Fig 11 B-18 A                                 9. Missing no parking painted in accessible aisle.

1129 B. 4.3                                   10. Accessible parking space has no bumper or

curb.

## *SEE PHOTO Nos. 3 and 4*

| | | |
|---|---|---|
| 1129B.5.1&2 | 4.6.4 | 11. Accessible parking space  ISA incorrect dimensions. |

## *SEE PHOTO No. 5*

| | | |
|---|---|---|
| 1127 B. | 36.304 | 12. No exterior route of travel from the property border. |
| 1127 B. | 4.3.2 | 13. No exterior route of travel from parking. |
| 1127 B. 3 | | 14. No exterior route of travel signs. |
| 1117 B.5 Fig 11 B-6 | 4.30 | 15. Entrance door has no ISA. |

## *SEE PHOTO No. 6*

| | | |
|---|---|---|
| | 36.302 | 16. Some staff does not have information about accessibility  available at this location. |
| | 36.302 | 17. Some shifts only one employee scheduled, making no one available for emergencies. |
| 1122 B. 4 Fig11B- 5D and F | 4.32.3 | 18. Check in counter does not have a section 28 to 34 inches high and 36 inches wide and 24 inches deep maximum to accommodate a wheelchair occupant. |
| 1117 B.5 Fig 11 B-6 | 4.30 | 19. Entrance door to breakfast room has no ISA. |
| 1122 B. 4 Fig11B- 5D and F | 4.32.3 | 20. Breakfast room counter does not have a section 28 th 34 inches high and 36 inches wide and 24 inches deep maximum to accommodate a wheelchair occupant. |

| | | |
|---|---|---|
| 1122 B. 3 | 4.32.2 | 21.  Breakfast room seating does not offer 19 inches before an obstruction to accommodate a wheelchair occupant. |
| 1117 B. 5.8.1 Fig 11 B. – 6 | 4.30.7 Fig 43 | 22.  Breakfast room seating has no ISA. |
| 1115B.9.2 1115B.6.1.2 | 4.23.8 4.20.3 | 23.  Operable part of vending machines more than 40 inches from the floor. |

## *SEE PHOTO No. 7*

| | | |
|---|---|---|
| 1116 B. 1.10 | 4.10.13 | 24.  Elevator does not have an audible tone. |
| 1116 B. 1.14 | 4.10.4 | 25.  Elevator does not have up-and-down tones. |
| 1116 B.1.9 | 4.10.12 | 26.  Elevator control buttons are not square shouldered. |
| 1116 B.1.9 | 4.30. 4 | 27.  No Braille symbols immediately below floor buttons. |

## *SEE PHOTO Nos. 8 and 9*

| | | |
|---|---|---|
| 1116 B.1.8 | 4.10.14 | 28.  Elevator emergency communication door requires manual dexterity. |
| 1116 B.1.8 | 4.10.14 | 29.  Elevator does not have emergency communication equipment. |

## *SEE PHOTO No. 10*

| | | |
|---|---|---|
| 1115 B. 7.1.4 | 4.13.9 | 30.  Door security lock requires grasping and twisting. |
| 1115 B.9.2 | | 31.  Some written material 64 inches from floor. |

## *SEE PHOTO No. 11*

| | | |
|---|---|---|
| | 4.1.3 (16) (a) 4.30.4 | 32.  No visual alarm strobe light mounted 80 inches above the floor. |

1114B.2.4     4.27.4     33. Some light switches require manual dexterity.

### SEE PHOTO No. 12

1114B.2.4     4.27.4     34. Heating/AC switch requires manual dexterity.

### SEE PHOTO No. 13

1115B.9.2     4.25.3     35. Closet rod and shelf 64/66 inches from the floor.

### SEE PHOTO No. 14

                    36.303     36. Written material not in Braille or on audio.

1122 B.3     4.32.3     37. Knee clearance under desk 25 inches not 27 inch minimum.

### SEE PHOTO No. 15

1115 B. 7.1.4     4.13.9     38. Bathroom door lock requires manual dexterity.

### SEE PHOTO No. 16

1115 B6 .1.3     4.20.4     39. No attached tub seat.

1115 B.6.1.3     4.20.4     40. Not a 24 inch grab bar at the foot of the tub.

1115 B.6.1.3     4.20.4     41. Not a 12 inch grab bar at head of the tub.

1115 B.6 .1.2     4.20.4     42. Not two grab bars mounted at the back of the tub.

1115 B.6.1.3     4.20.4     43. Both back bars are not mounted 12 inches maximum from the back corner wall.

1115 B.6.1.3     4.20.4     44. Both back bars are not mounted 15 inches from the corner head wall.

1115 B. 6.1.3     4.20.4     45. Top back bar not between 33 and 36 inches from the floor surface.

| 1115 B.6 .1.3 | 4.20.4 | 46. Bottom back bar not mounted 9 inches from the rim of the tub. |

## *SEE PHOTO Nos. 17 and 18*

| 1114 B.2.4 | 4.1.3 (16) (a) | 47. Tub faucet requires manual dexterity. |
| 1115 B.9.2 | 4.23.8 | |
| 1115 B.6 .1.2 | 4.20.3 | 48. Showerhead mounted 65 inches from the floor. |

## *SEE PHOTO No. 19*

| 1115B.9.2 | 4.2.6 | 49. Towel bars are mounted 58/61 inches from the floor, and mounted over the grab bar. |
| 1115B.9.5 | 4.5 | 50. Slip resistant floor does not go up five inches. |
| 1115 B.7.1.4 | 4.17.3 Fig 30 | 51. Water closet area not minimum 60 inches wide. |
| 1115 B. 7.1.3 | 4.17.3 Fig 28 & 30 | 52. Water closet center 23 inches from side wall not required 18 inches. |
| | 4.17.3 Fig 30 | 53. Water closet center 24 inches from the wall or other partition, not 42 inch minimum. |
| 1115 B. 7.1.3 | | 54. Side of water closet 18 inches from the wall or other partition not 32 inch minimum. |
| 1115B.2.1.1.2 | 4.16.5 | 55. Water closet flush control not on wide side of stall. |
| 1115B.2.1.1.2 | 4.27.4 | 56. Flush control requires greater than 5 lbs pressure to operate. |
| 1115 B.8.1 Fig 11 B. – 1 A | 4.17.6 Fig 30 | 57. No side grab bar 42 inch minimum. |
| | 4.17.3 Fig 30 | 58. Toilet tissue dispenser leading edge is 45 inches from back wall, not 36 inches maximum. |

### *SEE PHOTO No. 20*

1115 B. 2.1.2.1
Fig 11 B. –D

59. Center of lavatory 9 inches from the wall not 18 inch minimum.

### *SEE PHOTO No. 21*

| | | |
|---|---|---|
| 1115 B.2.1.2.1 | 4.19.2 | |
| Fig 11 B. –D | Fig 31 | 60. Counter top 35 inches from the floor not 34 inch maximum. |
| 1115 B.2.1.2.1 | 4.19.2 | |
| Fig 11 B-D | Fig 31 | 61. No knee clearance under lavatory not 29 inch minimum. |
| 1102 B | 4.3 | 62. Bottom face of cabinet is an obstruction to the lavatory. |
| 1114 B.2.4 | 4.27.4 | 63. Drapery pull requires manual dexterity. |

### *SEE PHOTO No. 22*

| | | |
|---|---|---|
| 1115 B.2.1.2.1 | 4.19.2 | |
| Fig 11 B. –D | Fig 31 | 64. Drainpipes under lavatory 9 inches from the wall not 6 inch maximum. |
| 1115 B. 2.1.2.2 | 4.19.4 | 65. Hot water and drainpipes are not insulated. |

### *SEE PHOTO No. 23*

1115 B.9.2

66. Microwave over operable part 61 inches from floor, not required 40 inches.

1115 B.9.2

67. Hair dryer operable part 49 inches from the floor, not 40 inch maximum.

### *SEE PHOTO No. 24*

#1



#2



#3



#4



#5



#6



#7



#8



#9



#10



#11



#12



#13



#14



#15



#16



#17



#18



#19



#20



#21



#22



#23



#24



JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

GYPSIE JONES

ORIGINAL

**DEFENDANTS**   05 JAN 21  AM 11: 16

GASLAMP VILLAGE, LLC dba COMFORT INN GASLAMP

~~CLERK US DISTRICT COURT~~
~~SOUTHERN DISTRICT OF CALIFORNIA~~

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  **Shasta**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____   DEPUTY

(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Lynn Hubbard, III, Esq.
Law Offices of Lynn Hubbard, 12 Williamsburg Lane,
Chico, CA 95926

ATTORNEYS (IF KNOWN)

'05 CV 0113 L    (POR)

## II. BASIS OF JURISDICTION    (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES    (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## VI. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT    (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 382 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 385 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 388 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | [x] 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION    (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)

42 U.S.C. Section 12101, et seq.
Ongoing violations of the ADA Construction Standards

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** Excess $75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES  [x] NO

## VIII. RELATED CASE(S) IF ANY    (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE    January 18, 2005

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # 110495   AMOUNT 150.00   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

This form was electronically produced by Elite Federal Forms, Inc.

1/24/05  VB